UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
: 
JOHNNIE HARVEY,                                          :
:
                              Plaintiff,                 :           24-CV-7380 (JAV)
:
           -v-                                           :           OPINION AND
:                   ORDER
OFFICER JORAN CORNEAL, *sued in his*                     :
*individual and official capacities*,                   :
:
                              Defendant.                 :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       Plaintiff Johnnie Harvey ("Plaintiff") brings this civil action against

Defendant Officer Joran Corneal ("Defendant") in his individual capacity and his

official capacity as a court officer employed by the State of New York.  Plaintiff

asserts causes of action against Defendant for false arrest, assault and battery,

unlawful imprisonment, and deprivation of rights under 42 U.S.C. § 1983.

Defendant now moves to dismiss in part the Second Amended Complaint, ECF No.

26 ("SAC"), for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6).

       For the reasons that follow, Defendant's motion to dismiss is GRANTED IN

PART AND DENIED IN PART.

## BACKGROUND

       For purposes of this motion to dismiss, the Court accepts as true the

following factual allegations set forth in the SAC.  On August 7, 2024, Plaintiff

arrived at Bronx Housing Court ("the Courthouse") for a landlord-tenant dispute

hearing scheduled for 10:00 a.m.  SAC, ¶ 12.  Plaintiff followed the security procedures to gain access to the Courthouse, which include x-ray screenings of the Plaintiff and his personal belongings.  *Id.*, ¶ 13.  Plaintiff placed his belongings in the provided bin and began to walk through the metal detector when the alarm sounded because of several medical devices implanted in Plaintiff's body.  *Id.*, ¶¶ 14-15.  Defendant then used a handheld metal detector to scan Plaintiff.  *Id.*  When Plaintiff attempted to show Defendant his medical device ID card, another officer allegedly brought the bin containing Plaintiff's belongings to Plaintiff.  *Id.*, ¶ 16. Plaintiff observed that someone else's belongings were placed on top of Plaintiff's belongings in the bin, and Plaintiff told the officer "that he did not want to touch belongings that were not his."  *Id.*, ¶¶ 16-19.  Defendant grew upset with Plaintiff, took the bin from Plaintiff's hands, and then told Plaintiff to leave the Courthouse. *Id.*

When Plaintiff told Defendant about his court appearance and asked why he was being told to leave, Defendant allegedly blocked Plaintiff's entry into the Courthouse, aggressively yelled at Plaintiff near Plaintiff's face and attempted to force Plaintiff out of the Courthouse.  *Id.*, ¶ 21.  As Plaintiff slowly began to leave the Courthouse, Defendant grabbed Plaintiff's left arm while five or six additional officers came over and pushed and shoved Plaintiff against the wall with force.  *Id.*, ¶ 22.  These additional officers held Plaintiff against the wall while Defendant tightly handcuffed Plaintiff.  *Id.*, ¶ 23.

Plaintiff avers he was then taken to the basement of the Courthouse and held

in a cell where he was frisked and searched.  *Id.*, ¶ 24.  While there, Plaintiff alleges that he "repeatedly requested that the handcuffs be loosened as they were causing him pain, but no one responded."  *Id.*, ¶ 25.  Plaintiff alleges he also asked for the cell door to be opened because it was hot, there was no ventilation, and that he suffers from COPD and asthma and was having difficulty breathing.  *Id.*, ¶ 26.  Plaintiff alleges that he requested an ambulance be called, and that after forty minutes of being held in the cell, the paramedics arrived, Plaintiff's handcuffs were removed and he was permitted to leave the cell.  *Id.*, ¶ 27.  Plaintiff was issued a citation for disorderly conduct.  *Id.*  Plaintiff was driven by ambulance to the Bronx Lebanon Hospital emergency department where he received medical treatment.  *Id.*, ¶ 28.  Plaintiff avers that he suffered exacerbation of lower back pain, bilateral wrist pain with bruising and swelling, and left knee pain as a result of this incident.  *Id.*, ¶ 29.

## PROCEDURAL HISTORY

On August 6, 2024, Plaintiff commenced this action in New York Supreme Court, Bronx County.  On September 30, 2024, Defendant, through his counsel, the Attorney General for the State of New York, removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 144.  *See* ECF No. 1.  On October 28, 2024, Plaintiff filed an Amended Complaint.  ECF No. 9.  On November 13, 2024, Defendant filed a Motion to Dismiss.  ECF No. 10.  On December 3, 2024, the Court granted leave for Plaintiff to file a Second Amended Complaint.  ECF No. 13.

On January 27, 2025, Plaintiff filed a Second Amended Complaint against

Defendant in his individual and official capacity as a court officer employed by the State of New York. *See* SAC. In Count I, Plaintiff asserts claims for false arrest under 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, the New York State Constitution, and New York common law. *Id.*, ¶¶ 47-55. In Counts II and III, Plaintiff brings claims for assault and battery and unlawful imprisonment under New York common law. *Id.*, ¶¶ 56-70. In Count IV of the SAC, Plaintiff separately brings a claim "for deprivation of rights" under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. *Id.*, ¶¶ 71-80.

On February 17, 2025, Defendant filed a motion to dismiss the SAC in part. ECF No. 30. Specifically, Defendant moves to dismiss all claims against Defendant in his official capacity. ECF No. 31 ("Def.'s Mem."). Defendant also moves to dismiss the false arrest claims to the extent they are asserted under the New York State Constitution or the Fifth Amendment of the U.S. Constitution. *Id.* Defendant further moves to dismiss the assault and battery claim based on tight handcuffing. *Id.* Lastly, Defendant moves to dismiss Count IV of the SAC, arguing that the excessive force claim should be dismissed on the same grounds as the assault and battery claim, and that the remainder of the cause of action is duplicative of the false arrest claim. *Id.*

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but not shown, that the plaintiff is entitled to relief. *Id*. at 679.

In deciding a Rule 12(b)(6) motion to dismiss a complaint, the Court "should assume [the] veracity" of the allegations and then "determine whether they plausibly give rise to an entitlement to relief." *Id*. While a plaintiff is not required to assert detailed factual allegations to survive a motion to dismiss, the complaint demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

The motion to dismiss does not challenge the sufficiency of the pleadings regarding the majority of the claims plead against Defendant in his individual capacity, with the exception of the claims based upon tight handcuffing. Rather, the thrust of the motion is aimed at the claims brought against Defendant in his official capacity. For the reasons that follow, the Court agrees that those claims should be dismissed. The Court denies, however, Plaintiff's motion to dismiss the assault and battery and excessive force claims based upon tight handcuffing, holding that those

claims have been adequately plead.

## I. Official Capacity Claims

The claims asserted against Defendant in his official capacity must be dismissed. Official capacity suits are the functional equivalent of a suit brought against the sovereign itself, rather than the employee. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." (cleaned up)). Defendant is an employee of the State of New York. Suit for monetary damages cannot be maintained against the State of New York for violations of either Section 1983 or state law. The official capacity claims must therefore be dismissed.

### A. Section 1983

Section 1983 imposes liability on any "person" who, acting under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. States are not considered "persons" subject to suit for monetary damages under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, while Section 1983 damages claims can be brought against local municipalities pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978), state governments are immune from such actions.

Just as states cannot be sued for damages under Section 1983, "state officers sued for damages in their official capacity are not 'persons' for purposes of the suit

because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Accordingly, while state officials can be subject to suit in their official capacity for claims for prospective relief under Section 1983, *see, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 282 (1986), "a section 1983 claim for damages against a state official can only be asserted against that official in his or her individual capacity," *Al-Jundi v. Est. of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989).

The SAC seeks monetary relief in the form of compensatory damages and punitive damages. There are no claims for injunctive relief. Accordingly, Plaintiff's official capacity claims under Section 1983 must be dismissed.

## B. New York State Constitution

Plaintiff's remaining official capacity claims, which all arise under New York state law, *see* SAC, ¶¶ 47-55, 56-64, 65-70, similarly must be dismissed. It is well established that states enjoy sovereign immunity "which applies against *all* private suits, whether in state or federal court." *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015). The State of New York is thus immune from suit on Plaintiff's state common law and state constitutional claims, unless a waiver of such immunity can be identified. *Id.*

New York has waived its sovereign immunity from suit on state law claims, but only insofar as suit is brought in the New York Court of Claims. N.Y. Ct. Cl. Act § 8 ("The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the

same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article."). The Court of Claims is therefore the exclusive forum for litigating state law claims for money damages against New York State. *Balogun v. N.Y.S. Div. of Hum. Rights*, No. 20 Civ. 10484 (LGS), 2022 WL 4292704, at *8 (S.D.N.Y. Sept. 16, 2022).

State law claims brought against public employees in their official capacities in federal court are therefore routinely dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Balogun*, 2022 WL 4292704, at *8; *Gunn v. Bentivegna*, No. 1:20-CV-2440 (LLS), 2020 WL 2571015, at *3-4 (S.D.N.Y. May 19, 2020). Admittedly, this case was originally filed in state court and was removed by the State to federal court. But it was brought in New York Supreme Court rather than the New York Court of Claims. The official capacity suit was thus barred by principles of sovereign immunity, and that immunity can be invoked by the state upon removal to federal court. *Beaulieu*, 807 F.3d at 486.

The official capacity state law claims are also subject to dismissal under the derivative jurisdiction doctrine. The New York Supreme Court lacked subject matter jurisdiction over those claims. *Gollomp v. Spitzer*, 568 F.3d 355, 358 n.2 (2d Cir. 2009). "Where a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72–73 (2d Cir. 1998).

Accordingly, the official capacity state law claims are dismissed.

## II. False Arrest Claim

Turning to the individual capacity claims, Plaintiff's false arrest claim brought directly under the New York State Constitution is not viable because of the availability of remedies under Section 1983 and New York common law. *Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013). Plaintiff's claim under the Fifth Amendment of the U.S. Constitution is inapposite because a false arrest claim does not implicate the Fifth Amendment.

### A. New York State Constitution

"Although the New York Court of Appeals has recognized a cause of action for damages based on official conduct violating the State's Constitution, *Brown v. State*, 89 N.Y.2d 172, 652 N.Y.S.2d 223, 674 N.E.2d 1129 (1996), the same court has made clear that such a cause of action is a 'narrow remedy' available only when 'necessary to effectuate the purposes of the State constitutional protections [that the] plaintiff invokes' or 'appropriate to ensure full realization of [the plaintiff's] rights.'" *Biswas*, 973 F. Supp. 2d at 522 (quoting *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 83 (2001)). "Actions for damage at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state Constitution." *Id.* (citation omitted).

Plaintiff has a remedy both under New York common law and under Section 1983 for false arrest. "Section 1983 need not provide the exact same standard of relief in order to provide an adequate remedy." *Wahad v. F.B.I.*, 994 F. Supp. 237, 240 n.4 (S.D.N.Y. 1998). Accordingly, "[f]ederal courts 'routinely dismiss the state

constitutional claims on the ground that Section 1983 provides an alternative available remedy.'" *Roland v. City of New York*, No. 20-CV-05392 (TMR), 2024 WL 2832691, at *13 (S.D.N.Y. June 3, 2024) (quoting *Rodriguez v. Cnty. of Nassau*, 18 Civ. 3845, 2023 WL 2667076, at *5 n.5 (E.D.N.Y. Mar. 28, 2023)).

Defendant's motion to dismiss the false arrest claim to the extent it is brought under the New York Constitution is accordingly granted.

### B. Fifth Amendment

State officials cannot be sued under the Fifth Amendment to the federal Constitution for false arrest. *Roy v. Aiello*, No. 93 CIV. 3:93CV02445 (AHN), 1996 WL 684393, at *3 (D. Conn. May 31, 1996). The Fifth Amendment prohibits, *inter alia*, the federal government from depriving any person of life, liberty and property without due process of law. But the more appropriate analog for false arrest is the Fourth Amendment's protection against unlawful seizures, as made applicable to the states by the Fourteenth Amendment. *See Espinoza v. Zenk*, No. 10-CV-427 (MKB), 2013 WL 1232208, at *10 (E.D.N.Y. Mar. 27, 2013) ("The constitutional analog to false arrest and false imprisonment is the Fourth Amendment, not the Fifth Amendment . . . .").

Accordingly, claims for false arrest resting on the Fourth Amendment can be brought under Section 1983. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Defendant's motion to dismiss Plaintiff's false arrest claim brought pursuant to the Fifth Amendment is granted.

### III. Assault and Battery Claim Based On Tight Handcuffing

Plaintiff's assault and battery claim against Defendant is predicated, in part, on Defendant's "tight handcuffing" of Plaintiff, among other conduct. Defendant argues that the tight handcuffing claim does not adequately plead Defendant's personal involvement, or the requisite degree of injury. The Court denies the motion to dismiss the claim based on tight handcuffing.

"Courts interpreting New York state law of assault and battery as it applies to police officers have stated that the essential elements of § 1983 excessive force and state law assault and battery claims are substantially identical." *Crews v. Cnty of Nassau*, 996 F. Supp. 2d 186, 211 (E.D.N.Y. 2014) (quoting *Humphrey v. Landers*, 322 F. App'x 686, 688 (2d Cir. 2009) (cleaned up)). A police officer uses excessive force "if it is objectively unreasonable 'in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation.'" *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

A plaintiff pleading assault and battery based on tight handcuffing must show "that the officer was made reasonably aware that the force used was excessive." *Cugini v. City of N.Y.*, 941 F.3d 604, 608 (2d Cir. 2019). When analyzing excessive force claims based on tight handcuffing, courts in this District often apply a three-factor test, considering "(1) whether the handcuffs were unreasonably tight; (2) whether the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and (3) the degree of injury to the wrists." *Gonzalez v.*

*Hirschman*, No. 15-cv-810-GHW, 2016 WL 354913, at *4 (S.D.N.Y. Jan. 28, 2016) (internal quotation marks omitted).  But the Second Circuit has made clear that, while this test can be a useful guide, the reasonableness inquiry "is not limited to a factual checklist." *Cugnini*, 941 F.3d at 613.  Accordingly, "a plaintiff asserting a claim for excessive force need not always establish that she alerted an officer to the fact that her handcuffs were too tight or causing pain.  The question is more broadly whether an officer reasonably should have known during handcuffing that his use of force was excessive.  A plaintiff satisfies this requirement if either the unreasonableness of the force used was apparent under the circumstances, or the plaintiff signaled her distress, verbally or otherwise, such that a reasonable officer would have been aware of her pain, or both." *Id.*

The Complaint alleges that Defendant personally applied the handcuffs too tightly to Plaintiff's wrists.  Drawing all inferences in favor of the Plaintiff, the Complaint therefore plausibly alleges that the unreasonableness of the force used should have been apparent to Defendant in the circumstances.

Defendant argues in the alternative that Plaintiff fails to allege the requisite level of injury to go forward with a claim for tight handcuffing.  Def's Mem. at 13-14. In doing so, Plaintiff relies on precedent that predate the Second Circuit's decision in *Ketcham v. City of Mount Vernon*, 992 F.3d 144 (2d Cir. 2021).  *See* Def's Mem. at 13-14 (citing *Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 243 (S.D.N.Y. 2014), *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008), and *Loftin v. City of New York*, No. 15-CV-5656 (MKB), 2017 WL 3614437, at *6

12

(E.D.N.Y. Aug. 21, 2017)).  In *Ketcham*, the Second Circuit explicitly overturned this line of cases, and held that degree of injury was not a sufficient basis on which to dismiss a claim based on tight handcuffing:

> The court below relied on a line of district court cases holding that while a plaintiff's wrist injuries "need not be severe or permanent," they "must be more than merely de minimis" to survive a motion for summary judgment.  *See, e.g.*, *Usavage v. Port Auth. of N.Y. & N.J.*, 932 F. Supp. 2d 575, 592 (S.D.N.Y. 2013) (citations and internal quotation marks omitted) (collecting cases).  In turn, the district court here emphasized Ketcham's failure to seek medical treatment and the lack of permanent injury as bases to dismiss the tight-handcuffing allegations.  However, we have never held that a court may grant summary judgment to officers on an excessive force claim merely because the injuries were minor even where the force was unreasonable.  Any such holding would violate the rule announced in *Graham* and would grant a windfall to officers who commit misconduct but could escape liability based upon the hardiness of their victims.  While the absence of serious injury is certainly a matter that the jury can consider in assessing both the reasonableness of the force and potential damages from any misconduct, a district court should not grant summary judgment on this basis alone.

*Ketcham*, 992 F.3d at 150-51.

Plaintiff states he suffered "bilateral wrist pain with bruising and swelling." SAC, ¶ 29.  Under *Ketcham*, this is sufficient to state a claim for excessive handcuffing.

## IV. Count IV of the Complaint

Finally, Defendant moves to dismiss Count IV of the Complaint as duplicative and for failure to state a claim.  Count IV is admittedly a bit of a hodgepodge, asserting claims for "assault, battery, excessive force, false arrest, and

unlawful imprisonment . . . in violation of the plaintiff's civil rights, more particularly 42 U.S.C. § 1983 as well as other applicable statutes and federal laws." To the extent the Complaint purports to assert claims arising under unnamed statutes and federal laws, they are dismissed.[1]

With respect to the Section 1983 claims for "assault, battery, excessive force, false arrest, and unlawful imprisonment," Defendant is correct that Count I of the SAC already asserts false arrest claims under both Section 1983 and state common law. SAC, ¶¶ 47-55. This claim is therefore duplicative. Counts II and III, in contrast, assert claims for assault and battery and false imprisonment under state common law alone. *Id.*, ¶¶ 56-70. Accordingly, Count IV pleads non-duplicative claims for excessive force and false imprisonment under Section 1983.

"'[E]xcept for § 1983's requirement that the tort be committed under color of state law,'" the elements for a claim of assault and battery against law enforcement officers under New York law and a claim of excessive force under § 1983 are the same." *Cabral v. City of New York*, No. 12 Civ. 4659 LGS, 2014 WL 4636433, at *10 (S.D.N.Y. Sept. 17, 2014), *aff'd*, 662 F. App'x 11 (2d Cir. 2016) (internal citation omitted). "[A]ll claims that law enforcement officers have used excessive force in the course of an arrest of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995) (cleaned up). As the Court has held that Plaintiff's assault and

---

[1] Count IV also refers vaguely to the "custom, usage, practice, procedure or rule of the respective municipal/authority," although no municipal authority or custom or practice is identified in the SAC. SAC, ¶ 73.

battery claim has been sufficiently plead, the motion to dismiss the excessive force claim under Section 1983 is likewise denied.

**CONCLUSION**

For the reasons stated herein, the motion to dismiss is GRANTED IN PART AND DENIED IN PART.  All claims asserted against Defendant in his official capacity claims are dismissed with prejudice.  Plaintiff's claims for false arrest in violation of the New York State Constitution and the Fifth Amendment of the U.S. Constitution are likewise dismissed with prejudice.  The motion to dismiss is otherwise denied.

The Clerk of Court is directed to terminate ECF No. 30.

SO ORDERED.

Dated: August 1, 2025
     New York, New York
                                   JEANNETTE A. VARGAS
                                   United States District Judge